IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CECIL A. COLES                                                                                    PLAINTIFF

v.                                              No. 4:11-cv-272-DPM

DR. HERBERT L. HAHN, *et al.*                                                      DEFENDANTS

ORDER

Coles moves the Court to compel Dr. Hahn to comply with the following discovery request: "Please provide . . . [a]ny and all medical complaints filed against [Dr. Hahn] at any time during the thirty three years (33) of his medical practice and/or the all of his entire years of medical practice." Dr. Hahn objected to this request on several grounds. Nevertheless, Dr. Hahn states that he provided Coles "with the only civil complaint and summons (other than the instant case) for medical malpractice as against him that is in his possession."

Coles and Dr. Hahn's lawyer apparently had a pointed phone conversation at some point. Coles says in his motion that he "believes that there [do exist] many more medical complaints that have been filed over the years against [Dr. Hahn] and that counsel should not use weak excuses like time periods to avoid producing evidentiary documentation that may be

archived during a physician's career." Dr. Hahn reiterates that the medical malpractice civil complaint and summons he provided was the only such complaint in his possession.

Federal Rule of Civil Procedure 34(a)(1)(A) requires a party, upon receiving a Rule 26(b)-compliant discovery request, "to produce [any designated documents or electronically stored information] in the responding party's possession, custody, or control[.]" Here, Dr. Hahn has repeatedly stated that he produced the only medical malpractice civil complaint and summons against him in his possession. That is all Rule 34 requires.

The Court recognizes that Coles is untrained in the law. It is highly unlikely that evidence of other lawsuits would be admissible into evidence in this case. Coles must prove his case, and Dr. Hahn must defend, based on Dr. Hahn's treatment of Coles, not other conduct.

Motion, *Document No. 68*, denied.

So Ordered.

                                */s/ D.P. Marshall Jr.*
                                D.P. Marshall Jr.
                                United States District Judge

                                15 May 2012