IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CECIL A. COLES                                                          PLAINTIFF

v.                              No. 4:11-cv-272-DPM

HERBERT L. HAHN, M.D., in his
official and individual capacities;
ORTHOARKANSAS SPORTS
MEDICINE; and BAPTIST
HEALTH SYSTEMS                                                         DEFENDANTS

ORDER

Cecil Coles contends that Dr. Herbert Hahn botched the replacement of Coles's left knee. He has sued Dr. Hahn, OrthoArkansas Sports Medicine (the clinic that employed the doctor), and Baptist Health Systems, where the surgery was done. Because of the employment relationship, Dr. Hahn and OrthoArkansas are one for purposes of liability; and when the Court refers to Dr. Hahn it means both. Dr. Hahn and Baptist seek judgment as a matter of law because, they say, Coles has not offered any expert's opinion that Dr. Hahn's care was substandard or the cause of Coles's current knee problems. Defendants stand on an affidavit from Dr. Kyle Hefley, a board-certified orthopedic surgeon in Little Rock, who says the knee replacement was "well done[.]" *Document No. 76-2 at 6.* Baptist also offers an affidavit from the staff

member who monitors such things, which states, contrary to Coles's allegation, that prosthetic devices used in his new left knee had not been recalled before his surgery and have not been recalled since. *Document No. 84, Ex. 1.*

Mindful that Coles is proceeding *pro se* in a case alleging medical malpractice, the Court has been lenient with Coles about deadlines. He failed to offer expert testimony by the deadline in the scheduling order, *Document No. 35*, so the Court gave him more time to do so. *Document No. 83.* In response, Coles provided the name and telephone number of Dr. Elliott Clemence, a doctor currently treating Coles's knee problems. *Document No. 88.* The Court explained to Coles that this did not suffice and directed him to provide an expert's opinion compliant with the Rules of Civil Procedure by a new deadline. *Document No. 90.* In response, Coles has listed several points that Dr. Clemence will testify to. *Document No. 92.*

Dr. Hahn and Baptist are, on this record, entitled to summary judgment. Coles's claims require expert testimony because they're beyond a juror's common knowledge. ARK. CODE. ANN. § 16-114-206; *Skaggs v. Johnson*, 323 Ark. 320, 325, 915 S.W.2d 253, 256 (1995). Coles's list of things to which he

says Dr. Clemence will testify falls short, both under Rule 26 and the governing Arkansas law about malpractice.

In terms of the Rule, there is no statement of what Dr. Clemence bases his opinion on, and no statement of qualifications or experience. FED. R. CIV. P. 26(a)(2)(B). While the Court believes a written report is required, Coles's list also falls short of an adequate summary of facts and opinions about expected testimony in this surgery-centered dispute. FED. R. CIV. P. 26(a)(2)(C). The Court is not even sure that Dr. Clemence is willing to testify. Coles's list is simply too thin, and too late in the case, to satisfy his Rule 26 obligations on a medical expert.

Coles's list falls short in terms of Arkansas law, too. Dr. Clemence has not established familiarity with the standard of care in Little Rock or similar localities. ARK. CODE. ANN. § 16-114-206(a)(1). No opinion has been expressed to a reasonable degree of medical certainty. *Lee v. Martindale*, 103 Ark. App. 36, 43, 286 S.W.3d 169, 174 (2008). Most importantly, no opinion has been offered that Dr. Hahn deviated from the standard of care or that any deviation proximately caused Coles's current knee problems. *Ibid.* And Coles has offered no evidence to back up his recall allegation. At this point in the case,

nearly two years in, the law obligates Coles to move beyond argument and contention to proof meeting Defendants' proof that neither Dr. Hahn nor Baptist did anything wrong. *Hamilton v. Allen*, 100 Ark. App. 240, 244, 267 S.W.3d 627, 631 (2007) (en banc). Coles has not done so.

Motions, *Document Nos. 76 & 84*, granted. *Document No. 92* is incorrectly docketed as a motion. It is a response to the Court's Order; the Clerk should correct the docket.

So Ordered.

*[signature]*

D.P. Marshall Jr.
United States District Judge

21 February 2013